Michael Herbert SHOWELL and Mark William Showell, By and Through his mother and next of friend Harriett Showell, Plaintiffs Below, Appellants,

v.

Adelaide R. ATKINS, Defendant Below, Appellee.

Supreme Court of Delaware.

Submitted: Feb. 13, 1984.

Decided: April 17, 1984.

Robert C. Wolhar, Jr., of Wolhar & Moore, Georgetown, for appellants.

Robert G. Carey, of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for appellee.

Before HERRMANN, C.J., and MOORE and CHRISTIE, JJ.

PER CURIAM:

This appeal from the Superior Court involves the record which a plaintiff must make to pose a jury question as to whether a defendant had a last clear chance to avoid an auto accident.

The evidence presented to the jury in Superior Court indicated that appellants-plaintiffs, Michael Showell and Mark Showell, went to a basketball game at Cape Henlopen High School, Lewes, Delaware, on January 16, 1981 with Keith, Levin, and Larry Holland. Plaintiffs and the Hollands left the game early to "beat the traffic". It was a dark and windy night. There was some snow on the ground, and it was snowing slightly.

As they approached the highway known as State Route 1, they ran out of gas. At that location, Route 1 is a dual highway with two lanes in each direction and a thirty-six foot median strip.

Plaintiffs and the Hollands pushed the vehicle onto Route 1 across the northbound

lanes and into the left-hand lane of the southbound portion of the highway. They were in search of an open gas station. The vehicle's four-way blinker lights were in operation.

Plaintiff Michael Showell was pushing the car from the left rear and plaintiff Mark Showell was pushing from the right rear. Keith Holland was in the middle rear, and Levin Holland and Larry Holland were pushing from the side doors of the car.

At this time State Police Officer Truitt came upon the scene driving southbound on Route 1. According to the officer's testimony, he was driving southbound on Route 1 in the right-hand lane at a speed of approximately thirty-five miles per hour, when, at a distance of "approximately five hundred feet" he first observed what he later saw to be the disabled vehicle.

What he first observed were faint lights. As he approached, he could see that flasher lights were activated on a vehicle and five people were pushing the vehicle down the road.

He immediately pulled his patrol vehicle onto the west (right) shoulder of southbound Route 1, exited his vehicle with his flashlight, and yelled, "Get the car off the roadway".

Plaintiffs, on the other hand, testified that Truitt had merely asked them to move the car over a little bit onto the median.

All the witnesses agreed that the plaintiffs and the Hollands started to comply with Truitt's order.

Truitt then walked back to the trunk of his patrol vehicle to obtain some flares. Traffic on southbound Route 1 was getting heavier because the basketball game was "letting out."

Truitt started to direct southbound traffic around this disabled vehicle, that is, from the left or passing (southbound) lane into the right (southbound) lane.

At that time, Truitt observed the headlights of appellee-defendant's vehicle in the left-hand lane of southbound Route 1, approximately three hundred or four hundred feet from where Truitt was standing. Truitt estimated defendant's speed at forty to forty-five miles per hour. Truitt testified that such speed was in excess of a safe speed.

When defendant's vehicle was approximately forty to fifty feet from the disabled vehicle, Truitt observed that defendant's vehicle had started to slide counterclockwise. Defendant's vehicle continued to slide until it struck the left rear of the disabled vehicle with the right side of her vehicle. Plaintiff Michael Showell was struck and thrown forty-three feet and plaintiff Mark Showell was struck and thrown nineteen feet. There was conflicting testimony as to plaintiffs' exact location at the time of impact.

After impact, defendant's vehicle went into a clockwise spin and traveled approximately one hundred sixty-eight feet and finally came to rest when it struck a bush in the median strip. The collision occurred at 9:52 p.m.

The plaintiffs' complaint against defendant alleging that defendant's failure to comply with various specified traffic laws was the proximate cause of the accident and injuries. Defendant sought to avoid liability charging that: (a) plaintiffs were contributorily negligent by violating various traffic statutes, (b) they assumed the risk, and (c) the accident was unavoidable on account of an emergency not of defendant's making.

After all the testimony had been presented, the trial judge directed a verdict in favor of the defendant. In directing the verdict, the trial court held as a matter of law that plaintiffs' contributory negligence was a proximate cause of their own injuries and plaintiffs could not prevail on a theory that defendant had a last clear chance to avoid the accident because there was "no way for a reasonable juror to find, under the facts of this case, that defendant saw or should have seen the plaintiffs in an obvious position of peril from which they

could not then extricate themselves, with a reasonable opportunity [on her part] to take some action [that is, to avoid the accident]."

 Having considered the evidence, we disagree with the trial judge's appraisal of the evidence. We think that there was evidence on which the jury could have reached a different conclusion. We mention only some of the evidence, and we state it in the light most favorable to the plaintiffs.

Moments before the accident, the police officer approaching the scene at about thirty-five miles per hour in a different lane of traffic was able to see that there was a dim light (which turned out to be the vehicle) at a distance of at least three hundred feet (perhaps from as far as five hundred feet). Later the officer saw defendant's vehicle approaching at what he thought to be forty to forty-five miles per hour (but defendant said she was only traveling about thirty to thirty-five miles per hour). If her estimate of her speed is correct, she probably had a better chance than the officer had had to see and appraise the situation. The jury could have considered the following factors in determining whether defendant "should have seen" the disabled car and the helpless state of the plaintiffs in time to avoid the accident: a) defendant testified that she probably had on her high light beams, b) the unmarked police car had pulled off on the nearby shoulder and an officer was out on or near the road, perhaps with his flashlight, c) there were by then a number of cars in the right-hand lane which the officer described as going at about twenty-five miles per hour and they, of course, would have had their lights on, d) the disabled vehicle was still displaying blinking lights, and e) defendant said she did not apply her brakes at all before the accident and she had no memory of sliding; the police officer thought she might have applied her brakes but only about fifty feet before impact.

There also was a jury question as to whether or not the plaintiffs were in a position of helpless peril from which they could not have extricated themselves at a time when defendant is alleged to have had a last clear chance to avoid the collision.

In view of these factors, we are of the opinion that there was a factual issue for the jury as to whether or not defendant failed to avail herself of a last clear chance to avoid the accident. The case must go back to Superior Court for a new trial.

REVERSED and REMANDED.